683 F.2d 846
 Daniel ROSS, Appellant,
v.
James C. WOODARD, Chairman, N. C. Parole Comm.; Jane G.
Greenlee, Commissioner; Joy J. Johnson, Commissioner; Rae H.
McNamara, Commissioner; Commissioner Oxendine; Sam Boyd,
Case Analyst, in their individual and official capacities, Appellees.
 No. 82-6134.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 10, 1982.
Decided July 16, 1982.
 
 Thomas F. Loflin, III, Shirley L. Fulton, Durham, N. C., for appellant.
 Rufus L. Edmisten, Atty. Gen., Jacob L. Safron, Sp. Deputy Atty. Gen., Raleigh, N. C., on brief, for appellees.
 Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.
 ALBERT V. BRYAN, Senior Circuit Judge:
 
 
 1
 Presently serving a life sentence in North Carolina for first degree murder and failing in his continuing endeavors to have the Due Process Clause of the Fourteenth Amendment construed as requiring a prisoner's access to his files when he is considered for parole, Daniel Ross again appeals. Assuming arguendo that our latest pronouncement on this point does not bar the instant action by the doctrine of res judicata, see Ross v. Byrd, No. 78-6449 (4th Cir. July 24, 1980) (unpublished), we state unequivocally that Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), does not require the State to provide a potential parolee with access to his prison files. Franklin v. Shields, 569 F.2d 784, 800 (4th Cir.) (en banc), cert. denied, 435 U.S. 1003, 98 S.Ct. 1659, 56 L.Ed.2d 92 (1978).
 
 The judgment of the District Court is
 
 2
 Affirmed.
 
 BUTZNER, Circuit Judge, concurring:
 
 3
 In Franklin v. Shields, 569 F.2d 784, 800 (4th Cir. 1978) (en banc), the court held-contrary to the conclusion reached by the panel, 569 F.2d at 794-95-that a prisoner was not entitled to have access to his files. In Greenholtz v. Nebraska, 442 U.S. 1, 15 n.7, 99 S.Ct. 2100, 2108 n.7, 60 L.Ed.2d 668 (1979), the Court noted that the question of access to files had not been raised. Consequently, I conclude that the en banc decision of Franklin v. Shields dictates affirmance of this appeal.