# CIRCUIT COURT OF FAIRFAX COUNTY

Phillip R. Garrett, III

v.

Ronald Angelone,
Director of Virginia
Department of Corrections

May 30, 1996

Case No. (Law) 144914

BY JUDGE STANLEY P. KLEIN

This matter comes before the Court on a Petition for Writ of Habeas Corpus. Petitioner Phillip R. Garrett, III, contends that he is being illegally detained at the Coffeewood Correctional Center because he was arbitrarily denied parole by the Parole Board ("the Board"). The Court has considered the Petition, Respondent's Motion to Dismiss, Garrett's Motion to Deny the Motion to Dismiss, and the relevant cases and statutes. For the reasons set forth in this letter opinion, the Motion to Dismiss is granted and the Petition for Writ of Habeas Corpus is dismissed.

Garrett was convicted of a sexual assault in September, 1982, in the Fairfax County Circuit Court and is currently serving a thirty-year sentence at the Coffeewood Correctional Center. He came up for review by the Parole Board, and parole was denied.[1] The Board issued a statement to Petitioner that the denial was based on the serious nature of his crime.

Petitioner claims that his liberty interests and due process rights were denied when he was denied parole. Garrett lists ten specific claims in

---

[1] The Petition does not state the date the Board made its determination.

support of his petition.[2] Several of the grounds involve the extent of information the Parole Board must provide to an inmate before and after its review. Other grounds stem from Petitioner's allegation that the actual decision-making process of the Board is inadequate. Finally, Garrett contends that he was denied equal protection under the Fourteenth Amendment to the U. S. Constitution. The Court will address Garrett's claims by issues, as some of the grounds are duplicative.

The Constitution does not guarantee any inmate a right to parole. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). As a result, states are not required to establish a parole system. *Id.* Because the General Assembly of Virginia chose to institute a parole process, "[t]he ground for a constitutional claim, if any, must be found in statutes or other rules defining the obligations of the authority charged with [granting parole]." *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981). The Virginia parole statute, § 53.1-155, creates no liberty interest that could serve as a basis for Petitioner's allegations.[3] *Hill v. Jackson*, 64 F.3d 163, 170 (4th Cir. 1995). Moreover, the parole regulations cannot form the basis for any constitutional claims. *James v. Robinson*, 863 F. Supp. 275, 277 (E.D. Va. 1994). Petitioner's claims must be reviewed within this constitutional framework.

## I. *Right to Information*

### A. *Parole Criteria*

Petitioner alleges that he is entitled to and was denied access to the criteria used by the Parole Board when evaluating inmates. According to Garrett, the Board has not made the 1992 Official Parole Guideline

---

[2] The grounds in the Petition are titled as follows: (1) Denial of parole by arbitrary decision denying Petitioner liberty interest and his due process rights; (2) Denial of parole without stating adequate "reasons;" (3) Denial of liberty interest and due process by failure to provide information that could be used by Petitioner to meet parole criteria; (4) Denial of due process by implementing new parole criteria and procedure without notifying Petitioner; (5) Denial of equal justice and equal protection; (6) Denial of Petitioner's liberty interest and due process by assuming judicial procedures beyond their authority; (7) Denial of parole by use of "double counting" in parole determination process; (8) Denial of information that could have assisted Petitioner in parole process; (9) Deliberate use of erroneous information; and (10) Failure to differentiate Petitioner's crime.

[3] Any presumption created by the General Assembly is one of no parole as the statute states, "[n]o person shall be released on parole . . . ." Va. Code § 53.1-155(A).

Manual available to him.[4] However, he admits that the correctional center where he is housed maintains a copy of this manual in its library. He is also concerned by rumors that new criteria are being used that are unknown to him. Garrett argues that he cannot satisfy these new criteria unless he knows what they are, and until then, any parole hearing violates his due process rights.

Virginia Code § 53.1-151 sets forth when convicted felons become eligible for parole. Whether a person will be paroled, however, is a much less precise matter. "No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition, and character and his conduct, employment, and attitude while in prison. The Board shall also determine that his release on parole will not be incompatible with the interests of society or of the prisoner." Va. Code § 53.1-155(A). Within this framework, the Board has complete discretion when deciding whether parole is appropriate for a particular person. *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991).

This decision-making process does not lend itself to a checklist form analysis as Garrett asserts. "It is thus not surprising that there is no prescribed or defined combination of facts which, if shown, would mandate release on parole . . . . In each case, the decision differs from the traditional mold of judicial decision making in that the choice involves a synthesis of record facts and personal observation filtered through the experience of the decisionmaker and leading to a predictive judgment as to what is best both for the individual inmate and for the community." *Greenholtz*, 442 U.S. at 8. Therefore, even if Petitioner were entitled to the Board's Guidelines, no list of definitive criteria exists. Moreover, any Guidelines that are adopted by the Board pursuant to Virginia Code § 53.1-136(1) are merely advisory and do not override the Board's absolute discretion. *James*, 863 F. Supp. at 277.

More importantly, Petitioner is incorrect when he claims he is entitled to the criteria against which he is being judged.[5] Nothing in the Federal or Virginia Constitutions, or the Virginia Code, gives prisoners such a right. To have a valid due process claim, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement

---

[4] Petitioner also takes issue, repeatedly, with the Parole Guidelines pamphlet.

[5] The Court is assuming Petitioner is seeking criteria in addition to the general factors set forth in Virginia Code § 53.1-155(A).

to it." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *see also Greenholtz*, 442 U.S. at 11. Garrett's due process claim concerning the Board's parole criteria must fail because he is not entitled to this information either constitutionally or statutorily.

## B. *Rationale for Denying Parole to Petitioner*

Garrett also claims his constitutional rights have been violated because the reasons the Board gave him for denying him parole were inadequate. Garrett demands "a full, reasonable statement, plus recommendations that would aid the appeal process and/or future parole reviews." He claims the explanation given, "serious nature of the crime," and the use of pre-printed forms do not meet the case law requirement that a "reason" or "statement" be given. He further argues that he is entitled to be informed of the risk factor score the Board gave him and whether it relied on any aggravating or mitigating circumstances in its decision.

"[T]he only explicit constitutional requisite is that the Board furnish to the prisoner a statement of its reasons for denial of parole." *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977) (en banc). Petitioner seeks a detailed explanation, but as the United States Supreme Court recognized, "the entire inquiry is, in a sense, an 'equity' type judgment that cannot always be articulated in traditional findings." *Greenholtz*, 442 U.S. at 8. The Fourth Circuit has accepted "serious nature of the crime" as a constitutionally sufficient basis for denying parole. *Bloodgood v. Garraghty*, 783 F.2d 460 (4th Cir. 1986).

Due process does not require that the Board highlight for the inmate what particular information in the file was relied upon. *Greenholtz* at 15. Therefore, Garrett is not entitled to know his risk factor score or whether aggravating or mitigating circumstances affected the Board's decision. Having satisfied due process by issuing a statement of reasons, the Board need not furnish Garrett any further explanation.

## C. *Access to Parole File*

The last denial of information complaint Garrett voices is his inability to review his parole file. He claims he must be able to review his file so that he may address erroneous information the Board may have relied on in denying his request to be released on parole. He concedes that "a liberal interpretation of the law allows the Board to prevent him from viewing his parole file," but he claims he is entitled to at least a list of its contents. This argument must also fail because Garrett has no constitutional or

statutory right to review his parole file. *Franklin*, 569 F.2d at 800; *Ross v. Woodard*, 683 F.2d 846, 847 (4th Cir. 1982).

## II. *Board's Decision-Making Process*

In addition to the information-based claims, Garrett's Petition takes issue with the actual decision-making process used by the Parole Board. He objects to the system, as he understands it, under which one board member reviews a file, and after a decision is made, another randomly selected member then reviews the file. Furthermore, he contends the Board is merely a political mouthpiece for the Governor and exercises no discretion.

Garrett further claims his constitutional rights have been violated, not only by the decision-making system but also by the Board's consideration of certain information. Specifically, Garrett objects to the consideration of his criminal history and his pre-incarceration activities, as the Court has already considered these factors when it sentenced him. He contends that the use of the severity of the crime in calculating his risk factor and then again as an aggravating circumstance constitutes "double counting." Finally, Garrett claims the Board's practice of using categories of crimes in its review process violates due process in that the individual circumstances of his crime are not considered.[6]

The system the Board designs for itself with respect to parole decisions is completely within its discretion. *See Franklin*, 569 F.2d at 800 (whether each prisoner receives a personal hearing and can call witnesses is best left to the discretion of the parole board). The Board must adopt rules for the parole process, but the substance of those rules is a matter for the Board and the Governor alone. Va. Code § 53.1-136(I). Petitioner has no right to know what methods the Board utilizes nor does he have any basis on which he can object to them.

The United States Supreme Court has held that "[t]he parole determination . . . must include consideration of what the entire record shows up to the time of the sentence, including the gravity of the offense in the particular case." *Greenholtz*, 442 U.S. at 15. Furthermore, the General Assembly has mandated that the Board consider a prisoner's history in determining whether releasing an inmate "will not be incompatible with

---

[6] The Court notes the internal inconsistency of Garrett's argument. He objects to the consideration of his crime, on the one hand, but then claims that the specifics of his crime are not fully examined. Petitioner contends both violate due process.

the interests of society . . . ." Va. Code § 53.1-155(A). Parole decisions are entirely within the Board's discretion, and it can therefore base its decision on information in an inmate's file that it believes has predictive value as to whether a person is safe to return to the general population. *Greenholtz*, 442 U.S. at 9-10.

### III. *Equal Protection*

Garrett last claims in the Petition that he was denied equal protection under the law. He asserts that he is a member of a class of inmates serving sentences under the same confinement conditions and that some of these inmates were granted parole, but he was not.

Under the equal protection clause, "all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (quoting *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)). However, the clause does not mandate that "things which are different in fact or opinion be treated in law as though they were the same." *Plyler*, 457 U.S. at 216 (quoting *Tigner v. Texas*, 310 U.S. 141, 147 (1940)). A rational basis analysis is not warranted by Petitioner's claim because the class he claims membership in does not exist. A parole review contemplates numerous details characteristic only to one individual inmate.[7] No class can exist as no two inmates have the exact same criminal history, behavior while incarcerated, etc. *See, McCleskey v. Kemp*, 481 U.S. 279, 295 (1987) (rejecting equal protection claim by death row inmate because "[t]here is no common standard by which to evaluate all defendants who have or have not received the death penalty" as the jury considers innumerable factors that vary according to the individual defendant). Furthermore, Petitioner has failed to allege the existence of purposeful discrimination that had a discriminatory effect on him. *McCleskey*, 481 U.S. at 292. Petitioner's equal protection claim is therefore also rejected.

### IV. *Conclusion*

Petitioner has failed to allege any actions by the Parole Board which violate his constitutional or statutory rights. Therefore, no basis exists for

---

[7] "The parole-release decision . . . is more subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience . . . there is no set of facts which, if shown, mandate a decision favorable to the individual." *Greenholtz*, 442 U.S. at 9-10.

an evidentiary hearing on Petitioner's claims. Accordingly, this Court dismisses Garrett's Petition for Writ of Habeas Corpus.